HOLLINSWORTH, Appellant, *vs.* MATTHEWS *et al.*, Respondents.

1. The securities in a *rejected* bond for costs are discharged, upon the dismissal of the suit for the plaintiff's failure to file an approved bond.

*Appeal from Washington Circuit Court.*

*M. Frissell*, for appellant.
*C. Jones*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff brought this suit in the Circuit Court of Washington county, against the defendants, for damages for a yoke of oxen. After the institution of the suit, the defendants filed their motion requiring plaintiff to give security for costs of the suit. This motion was sustained, and an order requiring the plaintiff to file his bond with security for costs of suit was made by the court. The plaintiff thereupon filed his bond with William A. Montry, Wm. T. Wilson, Peter Curtis and Philip Richard, securities. This bond and these securities were considered insufficient, and not being approved by the court, the plaintiff failing to give any other, the suit was dismissed at the plaintiff's costs. The judgment for costs was entered up against plaintiff and the above persons, who united in the bond for costs, which had been rejected. The clerk issued the execution now before the court, on this judgment, against Hollinsworth alone. Hollinsworth moved to quash this execution, because it did not correspond with the judgment, alleging that it had no judgment to support it. The judgment was against

Hollinsworth and four others, and the execution appeared as issuing upon a judgment against Hollinsworth alone. The court overruled this motion to quash, and the defendant in the execution appeals to this court.

1. This court is of the opinion that the Circuit Court very properly overruled the motion to quash. The judgment against the securities in a bond for costs which had been disapproved and rejected by the court, must be considered as invalid, and was properly disregarded by the court below. The party below objects to the securities in the bond; his objection prevails; a new bond is required, the first being considered as worthless; this new bond is not produced; the suit is dismissed for want of a bond. To give judgment and issue execution against the securities in the rejected bond is, at least, an anomaly. This court holds such judgment as of no validity, of no binding force; the bond never having been received and approved, is no bond, for the purpose of this suit, and gives no authority or right to the court to enter judgment thereon. The judgment, therefore, against all but Hollinsworth, is considered as no judgment—gives no authority to the clerk to issue execution thereon.

In the case of *Ward* v. *Lyne et al.,* 4 Comstock, 171, it was considered by the court of appeals of New York that, where the sureties in a bond given on a writ of error were excepted to and failed to justify, in consequence of which the writ of error was suspended, that the sureties were thereby discharged; and this was a good defence to an execution on the bond.

The old rule was, that special bail, when sued, could not defend on the ground that there had been an execution and failure to justify. The remedy was, by motion, to have their names struck out of the bail piece, or that an exoneration be entered. 4 Burr. 2107.  1 Taunt. 427.  7 East. 580.  1 W. Black. 462.  The court of errors of New York decided that the sureties in an error bond, after execution and failure to justify, were discharged.  See the case of *Drummond & Watson* v.

*Anderson*, court of errors, December sitting, 1844. Applying the principle of this case from New York, which we think just and reasonable, and these persons, in this rejected bond, were not under any obligation, the moment the court refused to receive and approve the bond. They were then discharged. Consequently, the judgment against them is invalid, and the motion to quash in this case, properly overruled. The other judges concurring, the judgment will be affirmed.