WILLIAM F. NYE vs. OLD COLONY RAILROAD COMPANY.

Suffolk.    March 18. — 23, 1878.    COLT & AMES, JJ., absent.

A petition to establish the truth of exceptions alleged that the time for the filing and presentment of the exceptions was extended by the presiding judge to a certain day (which was Saturday); that on that day the bill of exceptions was handed to the respondent's attorney, who orally agreed that the time for filing them should be extended to the following Monday, and that he would look them over and return them on Monday to the petitioner's attorney; that a few minutes before two o'clock on Saturday afternoon he rescinded that agreement, returned the exceptions to the petitioner's attorney, and insisted upon their being filed at once; that the petitioner's attorney forthwith filed them in the clerk's office, but did not present them to the judge until Monday morning, because he was unable to ascertain where he could be found; and that the judge refused to allow them, because not presented to him within the time prescribed by law. *Held*, that the alleged agreement of counsel, not being in writing, as required by the Gen. Sts. c. 129, § 60, was invalid; that the exceptions, not having been presented to the judge, as well as filed with the clerk, within the time limited by the judge's order, were rightly disallowed; and that the petition must be dismissed.

GRAY, C. J.   This is a petition to establish the truth of exceptions alleged at the trial in the Superior Court of an action brought by the respondent against the petitioner, and disallowed by the presiding judge, as he has certified upon the bill of exceptions, because not presented to him within the time allowed by law.

It appears, by the entries upon the docket of the Superior Court, that the verdict was returned on October 29, that on November 1 the time for filing and presenting exceptions was extended by consent of parties and leave of the judge to November 10, and that on November 10 (which was Saturday) the proposed exceptions were filed.   But it is agreed that they were first presented to the judge on the Monday following.

The petitioner alleges that on Saturday the bill of exceptions was prepared and handed to the respondent's attorney, and that he orally agreed that the time for filing them should be extended to Monday, and that he would look them over and return them on Monday morning to the petitioner's attorney; but that a few minutes before two o'clock on Saturday afternoon he rescinded that agreement, and returned the exceptions to the petitioner's attorney, and insisted upon their being filed at once; and that the petitioner's attorney forthwith filed them in the clerk's office,

and did not present them to the judge until Monday morning, because he was unable to ascertain where he could be found.

It is unnecessary to inquire into the truth of these allegations, (which are denied by the respondent's attorney,) for the alleged agreement, if made, was of no validity, because not in writing; Gen. Sts. *c.* 129, § 60; and the exceptions, not having been presented to the judge, as well as filed with the clerk, within the time limited by the judge's order, were rightly disallowed.    *Cooney* v. *Burt*, 123 Mass. 579.

*Petition dismissed.*

*J. T. Wilson*, for the petitioner.

*A. A. Ranney & J. H. Benton, Jr.*, for the respondent.