St. Louis, Iron Mountain and Southern Railway Company v. Rapp.

St. Louis, Iron Mountain and Southern Railway Company v. Rapp.

PRACTICE:    *Bill of exceptions must be filed within the time given.*
   A bill of exceptions presented to and signed by the judge on a later day of the next term than the day given by the court at the trial term, is no part of the record.

APPEAL from *Nevada* Circuit Court.

Hon. J. K. Young, Circuit Judge.

STATEMENT.

At the June term, 1879, of the Nevada Circuit Court, the appellee recovered verdict and judgment against the appellant for damages for injury to a horse. The appellant filed a motion for a new trial, which was overruled, and it excepted, and time was given by the court until the third day of the next term to file a bill of exceptions; but the bill was not tendered until the *fourth* day of the next term, and was then signed by the court, and filed, against the objections of the appellee. Whether the bill could be allowed after the day given at the trial term, is the only question considered by this court.

St. Louis, Iron Mountain and Southern Railway Company v. Rapp.

*George H. Benton*, for appellant:

*Gantt's Digest, section 4694*, authorizes the court to extend the time of filing the bill of exceptions, and limits that authority only to the provision that the time shall not be extended beyond the succeeding term. It was discretionary with the court to allow the bill of exceptions to be filed on the fourth instead of the third day of the term. When such discretion is not manifestly abused to the prejudice of litigants, this court will not interfere. *Snow v. Grace, 29 Ark., 131.*

Appellee can not be heard to complain, for he did not appeal. (*Clark v. Barnett, 24 Ark., 30.*) *Qui tacet concentire videtur. Broom's Legal Maxims.*

*Smoote & McRae*, for appellee:

There is nothing before this court for consideration, because there is no bill of exceptions. Appellee was only given to the third day of the next term, and he did not offer to file until the fourth day of the term. *Gantt's Digest, sec. 4694; Lyon v. Evans, 1 Ark., 349; Lenox v. Pike, 2 Ark., 14; Berry v. Singer, 10 Ark., 484; McDonald v. Foster, 2 Ark., 472; Garabaldi v. Carroll, 33 Ark., 568; 6 Ark., 219; Questions of Law and Fact*, by *Wells, sec. 881, pp. 639, 640; Hilliard on New Trials, sec. 7, p. 76; Robertson v. Johnson, Cent. Law Jour., vol. 8, pp. 79–80,* and cases cited; *Cooney v. Burt, ib., vol. 6, pp. 255–6.*

*George H. Benton*, on motion for reconsideration:

The Massachusetts cases, *Nye v. Old Colony R. Co., 124 Mass., 241,* and *Cooney v. Burt, 128 Mass., 579, relied on by this court,* are based upon a statute entirely different from our own. *Sec. 7, ch. 115, R. S. Mass.; ib., ch. 129, sec. 60.*

*Garabaldi v. Carroll, 33 Ark., 568,* is not in point. That case only decides that the refusal of a judge to sign a bill of exceptions can not, itself, be made a subject of exception.

An order by a judge giving until a particular day of the next term to present a bill of exceptions reserves the power to enlarge the time if necessary, to effectuate justice, but not beyond the last day of the term. *Hunnicutt v. Peyton, 122 U. S., 354.*

OPINION.

HARRISON, J.  The bill of exceptions not having been presented to and signed by the judge until after the expiration of the time given therefor in the order of the court, it is no part of the record. *Garabaldi v. Carroll, 33 Ark., 568;* and see *Nye v. Old Colony Railroad Co., 124 Mass., 241; Cooney v. Burt, 123 Mass., 579; Walker v. Woolen, 54 Ind., 164; Moffett v. Pollard, 19 Ind., 178.*
Affirmed.

[NOTE.—This case was decided at the May term, 1881, and should have appeared in volume 37, but was overlooked.— REP.]