THE STATE *ex rel.* BAUBLITS, *Appellant*, v. THE COUNTY COURT OF NODAWAY COUNTY *et al.*

**Opening Road**: APPEAL: CERTIORARI. When all the errors committed in the proceedings in the county court, in the matter of opening a road, could have been corrected on appeal to the circuit court, and the relator was not prevented from taking his appeal by any misfortune to him, or by any fraudulent or unfair practice of his adversaries, he will not be permitted to have said proceedings reviewed by a writ of *certiorari*.

*Appeal from Nodaway Circuit Court.*—HON. H. S. KELLEY, Judge.

AFFIRMED.

*S. R. Beech* and *W. C. Ellison* for appellant.

A motion for a new trial was unnecessary in this case. *O'Connor v. Koch,* 56 Mo. 253; *Bowie v. Kansas City,* 51 Mo. 454; *Funkhouser v. Mallen,* 62 Mo. 555; *Butler v. Lawson,* 72 Mo. 227. Although the right to appeal is given by statute, yet a review by *certiorari* also lies. The statutory provision for an appeal (if not unconstitutional) is so imperfect and imcomplete, that it in no manner affects the remedy by the common law writ of *certiorari,* and, even if the statutory provision for an appeal is ample and full, it does not affect the right to the writ of *certiorari* when the errors complained of go more to the jurisdiction of the court than to the irregularity of the proceeding. Where the error complained of is a jurisdictional one, a *certiorari* lies, although ample remedy by appeal be given by statute. *Milwaukee Iron Co. v. Schubel,* 9 Am. 591; *Owens v. State,* 27 Wis. 456; *Schuylerville, etc., v. Betts,* 55 N. Y. 600; *Flanders v. Haines,* 3 Thomp. & C. (N. Y.) 224; *Tierney v. Dodge,* 9 Minn. 166.

*Edwards & Ramsay* for respondent.

The appellant should have appealed to the circuit court under Revised Statutes, section 6967.

Henry, J.—Relator had the record of the proceedings of the county court of Nodaway county, in the matter of opening a road in that county, returned to the circuit court on a writ of *certiorari,* and there filed his motion to quash the proceedings, which was overruled, and from the judgment he has prosecuted an appeal to this court.

The record of the county court is so voluminous, that I shall not incorporate it in this statement of the case. The alleged errors in the proceedings of that court, will sufficiently appear in what follows.

An appeal lies to the circuit court from the judgment of the county courts, assessing damages, or for opening,

changing or vacating a road, and the circuit court, on such appeal being taken, is required to hear and determine the same anew. R. S. 1879, § 6967. It is contended by relator's counsel that the above provision for an appeal is so imperfect and incomplete, that it in no manner affects the remedy by the common law writ of *certiorari*, and that even if ample and full, it does not affect the remedy by *certiorari*, when the errors complained of go more to the jurisdiction than to the irregularities of the proceedings. There is no jurisdictional question in this case. The initial proceedings were all in exact conformity with the statute, and none of the alleged irregularities which occurred in the subsequent proceedings affected the jurisdiction of the court.

Section 6967 provides that: "No commissioners shall be appointed by the circuit court, nor shall any appeal prior to the determination thereof in the circuit court, operate as a supersedeas of the proceedings in the county court," and counsel for relator contend, that viewing the premises by the commissioners or jury, so that their own senses may be made to testify in behalf of the property holder, is so essential, when required by law, that their failure to comply with the law, in this respect, renders the whole proceeding void. If so, then no length of time, short of that from the lapse of which, without objection to its public use by the owner, its dedication by him may be found, would exempt the judgment of the county court from successful collateral attack for this irregularity in the condemnation proceedings. We cannot give our assent to this proposition. The viewing of the land by the commissioners, appointed by the county court to assess the damages to the property owners, is not a jurisdictional fact, but additional means provided to aid them in determining an issue in the proceeding. If they have disregarded this requirement of the law on appeal to the circuit court, while the owner of the land may be deprived of any advantages he may have derived from a personal inspection of the premises by the commissioners, yet the trial in the circuit court is *de novo*,

and he may introduce all the testimony at his command to show the extent of his damages. The commissioners are not authorized to assess the damages on merely viewing the land, but are required to hear such competent evidence as may be offered on either side.

But it is urged that: "There can be no trial anew as to the public utility of the road." "The surveyor does not again mark out the road." This may be so, but is there any other tribunal more competent than the county court of a county to pass upon the question of the public utility of a proposed road within the county? And is there any thing in this record which would warrant the circuit court, or this court, in deciding that it was not a road of public utility?

With respect to the other matters, that the surveyor does not again mark the road, it is sufficient to say, that if he has located the road upon other lands than those through which it was proposed in the petition to run it, and the departure from that route is so flagrant as to justify it, this abuse of his authority, even though committed under the direction of the county court, may be corrected on a trial *de novo* in the circuit court. But the principal ground of complaint against section 6967 is, that it provides that the appeal shall not operate as a supersedeas, and that as a consequence the cause appealed may pend in the appellate courts for years, and, in the meantime the hedges, fences and orchard of the owner of the land may have been destroyed, and acres of his land have been thrown out to the public. While, if endowed with superhuman powers of endurance, the appellate courts might so dispatch business that causes appealed would not be pending in them for years, yet that would not enable this court to correct the legislation which permits the road to be opened before an appeal can be determined, and without the payment of any compensation to the owner of the land taken, except in fancied benefits.

In its wisdom, the legislature saw proper to enact that

the appeal should not operate as a supersedeas, and even if our wisdom should conclude that their wisdom was foolishness, yet enactments of the legislature have more force than our suggestions to the contrary.

All the errors committed in the proceedings in the county court, could have been corrected on appeal, in the circuit court. There is no pretense that relator was prevented from taking his appeal by a misfortune to him, or by any fraudulent or unfair practice of his adversaries, and the cases cited on this point have no relevancy here.

We are not inclined to encourge a resort to the remedy by *certiorari* in appealable cases. We will not say, now, under what circumstances this remedy will be allowed to correct the errors committed by inferior tribunals. It is sufficient to say, that no fact appears in the record before us to justify a resort to it.

The judgment of the circuit court is affirmed. All concur.