RANDOLPH Cox *et al.*, Appellants, v. FREDERICK DAKE *et al.*, Respondents.

**St. Louis Court of Appeals, February 5, 1889.**

**Appeal:** COUNTY COURT : PUBLIC ROADS. An appeal lies to the circuit court from the action of a county court in establishing or refusing to establish a public road.

*Appeal from the Wright Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*A. Cox* and *Thomas H. Musick*, for the appellants.

The only question in this case is as to the right of appeal to the circuit court from the action of the county court in refusing to grant appellants' petition for a public road, and sustaining the remonstrance thereto. We contend that section 1102 of the Revised Statutes gives the right of appeal, for certainly such right is not "expressly prohibited by law." *McVey v. McVey*, 51 Mo. 406, 420 ; Sess. Acts 1887, p. 48, sec. 10 ; R. S., sec. 1210 ; *Hagemeier v. Keene*, 8 Mo. App. 574; *Moore v. Bailey*, 8 Mo. App. 156 ; *Southerland v. Holmes*, 78 Mo. 399.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs, freeholders and residents of Wright county, filed a petition in the county court of said county, praying the court to establish a public road. The defendants filed a remonstrance. The court, upon hearing, sustained the remonstrance, and the plaintiffs appealed to the circuit court.

In the circuit court, the defendant Dake appeared and moved the court to dismiss the cause for the reason that no right of appeal exists from the finding of the county court, refusing to open and establish a road. The court sustained the motion and dismissed the appeal, and the plaintiffs, after an ineffectual motion to vacate the order of dismissal, bring the case by appeal to this court.

The only question thus presented is the propriety of the court's action in dismissing the appeal.

Circuit courts in this state have by statute appellate jurisdiction "from the judgments and orders of county courts * * * in all cases not expressly prohibited by law." R. S., sec. 1102.

Sections 5 and 6 of the act touching roads and highways (Laws 1887, p. 246) provide in what manner applications for the establishment of new roads shall be presented to the county court, and section 7, as far as applicable, is as follows :

" The court shall, when such petition is presented and publicly read, and upon proof of notice having been given, as required by the next preceding section, hear the remonstrance of twelve or more freeholders, residing in the township or townships through which the proposed road may run, and such witnesses as the respective parties may produce, in regard to the public necessity and the practicability of the proposed road, and if the court shall be of the opinion that the facts in the case justify it may make an order of record requiring the county road commissioner to view, survey and mark out such roads," etc.

Section 29 of the same act relating to the manner in which public roads may be vacated upon a petition filed for that purpose, provides : "If no remonstrance be made thereto in writing, signed by at least twelve freeholders, the court may proceed to vacate such road or

any part thereof at the cost of the petitioners, but if a remonstrance thereto in writing signed by at least twelve freeholders, residents of such township or townships, be filed and the court, after considering the same, shall decide that it is just to vacate such road or any part thereof, against the vacation of which the remonstrance was filed, the cost shall be paid by the parties remonstrating."

Section 10 of the same act provides: "In all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening, changing or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew, but no commissioner shall be appointed by the circuit court, nor shall any appeal, prior to the determination thereof in the circuit court, operate as a *supersedeas* of the proceedings of the county court."

There is no statute in this state, of which we are aware, expressly prohibiting an appeal in a case seeking the establishment of a new road, nor is there any statute allowing an appeal in such cases, unless section 10 above recited impliedly authorizes such appeal. Section 1210, Revised Statutes, in the act relating to county courts, provides for the trial *de novo* of all appeals taken from the final determination of a county court to the circuit court, but the only appeals expressly provided for are in a case mentioned in section 1216 of the act, where an account is presented against a county, and is rejected in whole or in part.

This being the state of the law, we cannot see how the conclusion can be avoided that an appeal does lie from the action of the county court, in establishing or refusing to establish a public road. The question before us is not one of expediency but of statutory construction, and on that subject the case of *Mc Vey v. Mc Vey*, 51 Mo. 421, is directly in point: "In the

case now under consideration," says Judge WAGNER, "there is no prohibition of the right of appeal, nor is there any mode pointed out, or provision made regulating the right of appeal." He then comments upon a number of analogous cases decided and concludes, "Upon the authority of the cases, then, it would seem *that an appeal lies unless prohibited,* but that where no provision is made regulating its mode or manner, its only effect is to take the record of the county court up to the appellate court, just as a *certiorari* would."

Since that case has been decided provision has been made for a trial *de novo* in the circuit court in all cases, by section 1210 above referred to, and in this case specially by section 10 of the act of 1887. Nor do we see any difference in principle between this case, and the cases of *Sutherland v. Holmes,* 78 Mo. 399, and *Hagemeier v. Keene,* 8 Mo. App. 574, where appeals from orders of the county court in road cases were upheld.

We must conclude that the circuit court erred in dismissing the appeal for want of jurisdiction. Its judgment is reversed and the cause remanded. All concur.