Greene County ex rel. Baker v. Wilhite.

GREENE COUNTY *ex rel.* JANE BAKER *et al.*, Appellants, v. W. W. WILHITE *et al.*, Respondents.

**St. Louis Court of Appeals, March 5, 1889.**

1. **Practice, Appellate:** BILL OF EXCEPTIONS: RECORD PROPER. When no ruling of the trial court is preserved in a bill of exceptions, the appellate court will examine no elleged errors, except such as appear in the record proper.

2. **Practice, Appellate:** RECORD PROPER. The record proper of a cause generally consists of the original process, with the return thereon, the pleadings, any orders substituting parties, and the entry of final judgment. To these may sometimes be added orders which emanate from the breast of the judge while sitting in court, and which are evidenced alone by the entries on the minutes of the court.

3. **Practice, Appellate:** BILL OF EXCEPTIONS. Where leave was given until a day stated, subsequently to the lapse of the term, for the filing of a bill of exceptions, a bill of exceptions which was not signed by the judge until after the expiration of that time, cannot be considered on appeal or error. Nor can a *nunc pro tunc* entry of the allowance of a bill of exceptions be made at a subsequent term, where there is no paper or memorandum to show that fact.

4. **Practice, Appellate:** MOTIONS IN TRIAL COURT. Where it appears that a motion in arrest of judgment was overruled pending a motion for change of venue, the merits of the motion for change of venue will not be considered by the appellate court.

Greene County ex rel. Baker v. Wilhite.

5. **Practice, Appellate :** MATTERS OF EXCEPTION : REMEDY. Matters of exception contained in a bill of exceptions, which was not filed in proper time, cannot be brought to the attention of the appellate court by a second bill of exceptions tendered at a subsequent term, upon the overruling of a motion to set aside the judgment. If, through fault of the opposing counsel, or of the judge or the clerk, a party fails to get his bill of exceptions signed and filed in time, his remedy lies in the signing of the bill by bystanders during the term ; or, if the term has lapsed, in a *mandamus* compelling the judge to sign it.

6. **Practice, Appellate :** DISMISSAL FOR FAILURE TO SECURE COSTS. Objections to a dismissal for failure to secure costs, founded on the terms of an obligation given, cannot be considered on appeal, when the supposed obligation is not made part of the record by a bill of exceptions.

7. **Practice, Appellate :** INADMISSIBLE PRESUMPTION. Where no entry in the record shows whether the trial court did, or did not, approve a bond for costs, but it appears that a judgment was rendered thereon against the sureties, there can be no presumption, on appeal, that the bond had been rejected. Nor can the appellate court, in such a case, consider the question whether the judgment was, or was not, rendered on a rejected bond.

8. **Married Woman :** JUDGMENT FOR COSTS. A judgment for costs, which includes among the defendants a married woman, is not void against the other defendants and sureties in the bond, when the husband and wife were joined in the suit as beneficiaries of the nominal plaintiff.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*B. R. Brewer* and *S. A. Haseltine*, for the appellants.

It was the duty of the judge to sign or refuse to sign the bill of exceptions when presented to him (R. S. 3637), but having done neither, but promised to sign them, appellants could not therefore have bystanders sign, as the judge promised to sign. Appellants, therefore, had the right to move the order that they did, and to file affidavits showing the facts as to why the bill had not

Greene County ex rel. Baker v. Wilhite.

been before filed, and it was error for the judge of the court, who had before this said, "I will stick you if I can," and when he had refused to vacate the bench or allow an impartial judge, it was erroneous to overrule the motion of appellants. The fact that the inferior judge overruled appellants' motion and affidavit for a change of venue is part of the record, and is reviewable by this court, even without a bill of exceptions. *State v. Shea*, 95 Mo. 85. The records are conclusive against respondents upon the point they attempt to make by the witnesses, Julian and Donhan. ( Mr. Donhan is the same man that threatened to burn up our bill of exceptions on the thirtieth of March ), as shown by affidavits of Judge LINCOLN and Haseltine. Respondents evidently discovered that the reasons stated by the judge in overruling our motion were frivolous, and while at the time when made doubtless intended to injure appellants, as a matter of fact shows that appellants were entitled to their change of venue. The lower court had the right not only to make its records speak the truth, but to do all things necessary to granting and signing the bill of exceptions, and as an incident thereto appellants had the right to make motions relating to the same, and have the right to have the action of the inferior judge when he acted in bad faith, or connived with the respondents to oppress and injure appellants with reference to his action in this matter still within his jurisdiction, and it was our duty to give him the opportunity to correct himself before calling on this court for relief. The case of *Hollingsworth v. Matthews*, 19 Mo. 409, is not unlike this case in regard to its facts, its reasonings and and principles involved, and is *stare decisis* in Missouri as to this case.

*O. H. Travers, Francis M. Wolf* and *Thomas W. Kersey*, for the respondents.

The record discloses the fact that appellants failed to file bill of exceptions within the time allowed by

order of court, to-wit: Either on, or previous to, the first day of April, 1888. As to several claims that appellants make, we have but to say that a cost obligation requires no formal acceptance or approval. The "filing" is the act both of delivery and acceptance. The fact that appellants acted upon the obligation in question for a full year shows that they intended to be bound by it. The obligation was good when filed and acted on as a good instrument by both parties for a year after it was given, but when these same securities signed obligations in forty-three cases—by wholesale as it were—the officers of the court became solicitous for their welfare and moved for a "new" and "better" bond, which motion the court sustained. That on the twenty-third day of May, 1888, appellants filed a motion moving the court to order the clerk of said court to make *nunc pro tunc* an entry of record to the effect that a bill of exceptions had been duly presented and filed within the time prescribed by order of court of date February 17, 1888, to-wit: On the thirtieth day of March, 1888. That said motion was by the court overruled on the twenty-sixth day of May, 1888; that being during the May term, 1888, of the court which begun on the first Monday in May. The only question that can now arise on the record is this: "Did the lower court err in overruling this last motion." Respondents contend that it did not; that the court did not err in judgment or abuse its discretion when it so ruled, and that such finding by the court was fully sustained by the facts in the case. The *Hollingsworth v. Matthews* case, reported in 19 Mo. 406, as also cases therein cited, are not in point. Those were cases where the bonds were attacked by the opposite party to those giving them, as soon as filed. In those cases the courts "rejected" the obligation. In this case the court, a year after the obligation was filed, became convinced that the bondsmen, under the new condition of things,

were not good, and required a better or new bond to be filed, which plaintiffs refused to do, and went out of court in consequence.

THOMPSON, J., delivered the opinion of the court.

The circuit court of Greene county at its November term, 1887, entered in this case the following final judgment: "At this day come the parties hereto by their respective attorneys, and the motion heretofore filed by the defendant, to dismiss this suit on account of the failure of the parties to give good and sufficient security for costs herein, as required by the rule and order of this court, being now seen and heard and fully considered by this court, is sustained. It is therefore considered and adjudged by the court that this suit be now dismissed ; that plaintiffs take nothing by virtue of their writ and that defendants be discharged and go henceforth without day, and that they have and recover of said plaintiffs, Jane Baker and her husband, C. M. Baker, and S. A. Haseltine and B. R. Brewer, as securities upon said plaintiffs' obligation for costs, filed herein, their costs in and about this suit had and expended, and have execution therefor."

From this judgment B. R. Brewer and S. A. Haseltine, the securities for costs named therein, prosecute this appeal. The transcript which is sent to us contains numerous recitals of motions and rulings thereon ; but, as these motions and rulings are not presented by a bill of exceptions, we can only consider what appears on the face of the record proper. *McNeil v. Ins. Co.*, 30 Mo. App. 306, and cases cited ; *Bevin v. Powell*, 11 Mo. App. 216, and cases cited. In *Bateson v. Clark*, 37 Mo. 31, 34, it was held that the record proper, within the meaning of this rule, is nothing more than the original process with the return thereon, the pleadings, any orders substituting parties, and the entry of final judgment, and this rule was restated and applied

by this court in *Bevin v. Powell, supra.* This, of course, was an attempt to state in a general way what in ordinary cases may be regarded as the record proper. There may be difficulty in restricting the record proper in all cases to the limits thus stated ; but the largest view of what is to be deemed the record proper can make it include no more in addition to what is above stated than those orders which emanate from the breast of the judge while sitting in court, and which are evidenced alone by the entries on the minutes of the court. Outside of such orders nothing can be noticed as belonging to the record proper upon any conception or theory with which we are acquainted.

Nor can we, upon any rule of procedure with which we are acquainted, review this case on appeal as though there were a bill of exceptions in the record, upon a conception that a bill of exceptions showing the facts which the appellants desire to bring to our attention *ought to have been* filed by the clerk of the circuit court. It is stated to us, and there is in the transcript a record entry bearing out the statement, that leave was given to the appellants until a day stated subsequent to the lapse of the term, within which to file a bill of exceptions. It is admitted that the bill of exceptions was not signed by the judge within that time. There is no rule of appellate procedure better settled and possibly none more frequently reiterated, than the rule that bills of exceptions, not filed within the time given by leave of court after the lapse of the term, cannot be considered on appeal or error. *Sinclair v. City of Bolivar*, 19 Mo. App. 37 ; *Holloway v. City of Moberly*, 18 Mo. App. 553 ; *Hatcher v. Moore*, 51 Mo. 115 ; *St. Louis, etc., Ry. Co. v. Rapp*, 39 Ark. 558 ; *Freeman v. Brenham*, 17 B. Monr. (Ky.) 603, 609 ; *Nye v. Railroad*, 124 Mass. 241. Nor can a *nunc pro tunc* entry of the allowance of a bill of exceptions be made at a subsequent

term where there is no paper or memorandum in the case showing the facts. *Cunningham v. Wells*, 16 Mo. App. 78.

It is further to be observed concerning this transcript that it shows that on the thirtieth day of July, 1888, which was after the term at which the judgment appealed from was rendered, and after the expiration of the time allowed for the signing and filing of the bill of exceptions, these appellants filed motions to correct the records of the court *nunc pro tunc*, so as to make them say that a certain so called "*omnibus* motion" for a change of venue as to the judge in all of the cases of which this opinion will dispose, except the case against the defendant Pangritz, was filed before the motion in arrest of judgment was reached or ruled upon by the court; and also to set aside the judgment in this cause for certain reasons therein stated. These motions were overruled and these appellants took a bill of exceptions to the ruling and this is embodied in the transcript. With reference to the motion touching the change of venue, it is sufficient to state that there was some evidence on the trial of the motions, which we are now considering, tending to show that the judge had overruled the motion in arrest of judgment by stopping the counsel and announcing his ruling to the clerk before the motion to change the venue had been made. Laying all other considerations out of view, this prevents us from considering whether or not the motion for change of venue ought to have been granted. With respect to the other branch of the motion, to set aside the judgment, it is sufficient to say that, even if by reason of any matter of exception which was in fact taken at the trial at which the judgment was rendered the judgment itself is reviewable, this matter of exception could not be brought to our attention, after the lapse of the term and after the lapse of the time allowed for filing and signing a bill of exceptions, by a second bill of exceptions to the overruling of such a motion. It has been

held that where the judge has refused to sign a bill of exceptions, and a second bill, incorporating the rejected bill, is afterwards signed, the second bill does not present for review the questions intended to be raised by the first bill. *Garth v. Caldwell*, 72 Mo. 622. So in this case the appellants cannot revive and reinstate the exceptions which they lost, by failing to have their bill of exceptions signed and filed in time, by moving to set aside the judgment at a subsequent term, and by offering evidence on the trial of such motion, by means of which they get into a second bill of exceptions the matters which might have been proper matters of exception if saved by the first bill. If the appellants, through the fault of the opposite counsel, or of the judge, or of the clerk of the circuit court, failed to get a bill of exceptions signed and filed within the time allowed therefor, we cannot help them out of the difficulty, however much we might desire to do so. In such a case the exceptor's remedy, if the trial term has not elapsed, is to have his bill of exceptions signed by bystanders; if it has elapsed, his remedy, if any, is a proceeding by *mandamus* to compel the judge to sign it. *Garth v. Caldwell, supra.*

It follows that in the present case the filing of the successive motions for security for costs, for a new trial, in arrest of judgment, and for a change of venue, together with the contents of such motions and any exceptions which may have been saved to rulings upon the same, must be laid entirely out of view upon this appeal; and we must consider the errors assigned only in so far as they reach matters which are exhibited on the face of the record proper. These may be resolved into the three following :

I. That the language of the obligation for costs given by the appellants precludes a summary judgment, and that dismissing the case for want of security for costs on motion is not a judgment within the terms of

the obligation, which reads "for costs which may have or may hereafter accrue and be adjudged against the plaintiffs." There is no obligation for costs exhibited by the record. The clerk has copied into the transcript a paper which purports to be an obligation for costs, but, upon the principles already stated, we cannot notice it, as it is not made part of the record by a bill of exceptions.

II. The next objection is that the bond was void because it was never approved, and the record is appealed to as being conclusive upon this point. There is no record entry in the transcript before us—and we must presume that it contains all the record entries applicable to the appeal—showing either that the bond was approved or that it was rejected. We cannot, therefore, presume, in opposition to the judgment of the circuit court, in the silence of the record, that the bond against the sureties in which the court entered judgment, had been rejected.

III. The third objection is that under the ruling of the supreme court in *Hollingsworth v. Matthews*, 19 Mo. 406, so much of the judgment as was against the sureties in the cost bond was void. It was ruled in that case that the sureties in a rejected bond for costs, where the suit is dismissed for a failure of the plaintiff to file an approved bond, are discharged. But, as already stated, there is no matter of record before us from which we can determine that this bond was rejected. This assignment of error, therefore, falls to the ground for the same reason as the previous one.

IV. The only other assignment of error which it is necessary to notice is, that the judgment is void as being against a married woman; and that, a judgment being an entirety, if it is void as to one, it is void as to all. The fact that the judgment may have been *erroneous*, in so far as it adjudged costs against Mrs. Baker, does not operate to make it void as to these sureties;

Greene County ex rel. Baker v. Wilhite.

because it was good as against Mr. Baker, who was joined with his wife as a party to the suit, and this is sufficient to support it as against the sureties. Sureties on bonds given in the course of judicial proceedings have no day in court. They are not parties in the sense which permits them to appeal from the judgments rendered against principal parties in the cause, and they cannot, in general support an appeal by assigning errors for such parties. If the plaintiffs had appealed from the judgment on this ground, it would have presented a question for review ; but no such question is presented on an appeal taken by the sureties. We do not decide whether, if the husband of the female plaintiff had not been joined with her in the suit, the sureties could appeal and set up such an objection. Obligations for costs are frequently given in cases where suits are prosecuted by married women, by infants, or others who are not *sui juris*, and who are not personally answerable for the costs ; and we are not prepared to hold that a judgment against undertakers for costs can only be sustained in cases where a judgment for costs is properly rendered against the party for whom they undertake. Moreover, the judgment, in the form in which it appears of record, is expressly authorized by section 1005, Revised Statutes.

The judgment will be affirmed. All the judges concur.

NOTE BY THE REPORTER.—Cases numbered 4232, 4233, 4234, 4235, 4236, 4237, 4238, 4239, 4240, 4241, 4242, 4243, 4244 and 4245 are identical with the one above reported, as to the questions involved and the judgments rendered by the trial court. All the cases were disposed of in like manner by the St. Louis court of appeals.