IN THE MATTER OF BENJAMIN F. WEBSTER, Petitioner, Appellant, v. RICHARD J. SPINDLER, Respondent.

St. Louis Court of Appeals, May 14, 1889.

1. **Practice, Appellate:** TRANSCRIPT. The clerk of a circuit court can not preserve, for review, on appeal, motions filed in the cause, and not called for in the bill of exceptions, by merely embodying them in the transcript.

2. **Appeal:** JURISDICTION. An appeal lies to the circuit court from an order of a county court vacating a public highway.

3. ——. An appeal may be taken to the circuit court from the order finally determining a matter before a county court even though the county court has delayed final action owing to an unauthorized motion for new trial.

4. Where a resident has ten days and a non-resident twenty days after final judgment to take an appeal, an appeal taken more than ten days after final judgment, but within twenty days, is not void, in the absence of any showing that the appellant is a resident.

*Appeal from the St. Louis County Circuit Court.*—HON. W. W. EDWARDS, Judge.

AFFIRMED.

*George W. Royse*, for the appellant.

No appeal can be taken from an order of the county court vacating a road. *St. Louis, etc., Co. v. St. Louis*, 92 Mo. 190. Such action of the county court can not be reviewed by any other court. *Foster v. Dunklin*, 44 Mo. 217; *State v. County Court*, 80 Mo. 500. The case is in all respects parallel with an application for a dram shop license. It is entirely within the discretion of the court to grant or refuse such license upon a majority petition, and its decision is not subject to review by the circuit or any other court, notwithstanding the fact that there is no express prohibition of the right of appeal.

*State v. County Court*, 39 Mo. 521 ; *Austin v. State*, 10 Mo. 591 ; *State ex rel. v. Hudson*, 13 Mo. App. 61. But aside from these special instances it is well settled law generally that no appeal lies from an order or decree within the discretion of the court making it. *In re Thirty-fourth St.* ( *N. Y.*), 3 Cent. Rep. 305 ; *Truett v. Rains*, 17 S. Car. 451 ; *Dows v. Corydon*, 28 N. Y. 122; *People v. Railroad*, 29 N. Y. 418; *People v. Railroad*, 42 N. Y. 217 ; *Simmons v. Railroad*, 4 Am. & Eng. R. R. Cases, 137 ; *Railroad v. Dunbar*, 5 Am. & Eng. R. R. Cases, 270 ; *Bank v. Railroad*, 9 Am. & Eng. R. R. Cases, 585 ; *In re Commissioners*, 56 N. Y. 156. The record of the county court does not show that Spindler had any direct interest in the matter, and therefore he had no standing in the court and his appeal should have been dismissed. *Miller v. Davis*, 50 Mo. 582. The appeal not having been taken in time was illegally allowed and conferred upon the circuit court no jurisdiction to hear and determine the case. Nor does it matter that both parties appeared and went to trial in that court. Consent of parties can not give the court jurisdiction of the subject-matter where it does not otherwise exist. *Stone v. Corbett*, 20 Mo. 350 ; *Lindell v. Railroad*, 36 Mo. 543 ; *Dobson v. Scruggs*, 46 Mo. 285 ; *Cowes v. Ward*, 47 Mo. 289 ; *Brown v. Morley*, 64 Mo. 547 ; *Simms v. Kelsey*, 75 Mo. 71 ; *Fields v. Maloney*, 78 Mo. 176. An appeal not taken in time will confer no jurisdiction on the circuit court although both parties appear and go to trial. *Moore v. Minckler*, 3 Mo. App. 596. Want of jurisdiction may be taken advantage of at any time. *Henderson v. Henderson*, 55 Mo. 534 ; *Graves v. McHugh*, 58 Mo. 499 ; *Bray v. Marshall*, 66 Mo. 123 ; *Fields v. Maloney*, 78 Mo. 176 ; *Switzer v. Downing*, 80 Mo. 588 ; *Boone Co. v. Patterson*, 98 U. S. Sup. 403. The hearing of any evidence was a material error apparent on the face of the record, for which the appellate court will reverse a judgment, although the

evidence is not preserved in the bill of exceptions, or though no bill of exceptions is filed in the case. *Prendergast v. Hodge*, 21 Mo. App. 138; *McIntire v. McIntire*, 80 Mo. 470.

*Thomas Metcalfe* with *John D. Gibson*, for the respondent.

There is nothing in this case that the appellate court can review.  There is no bill of exceptions in the record, and the appellant has not saved any exception to any action, order, or ruling of the court below, and no error appears upon the face of the record proper, unless it be a question of jurisdiction.  *Bateson v. Clark*, 37 Mo. 31, 34, 35; *Mortland v. Holton*, 44 Mo. 59, 64.  The appellant not having brought up the full record in the case, this court will infer all that is necessary to sustain the judgment of the lower court, and will presume that the judgment of that court is correct. *State v. Sullivan County*, 51 Mo. 522; *Goode v. Crow*, 51 Mo. 212; *Mortland v. Holton*, 44 Mo. 59, 64; *State v. Burns*, 85 Mo. 47; *Wright Co. v Stinkemyer*, 6 Mo. App. 575.  The question as to whether the appeal was taken in time from the county court to the circuit court having been passed upon by the circuit court, and no exception having been taken thereto by appellant, can not be reviewed by this court.  *Feuth v. Anderson*, 87 Mo. 354; *Goode v. Crow*, 51 Mo. 215; *Hendrickson v. Railroad*, 34 Mo. 188; *Mortland v. Holton*, 44 Mo. 59, 64.  The right of appeal from the county court to the circuit court exists in this case under the statutes and decisions of our state.  R. S. 1879, sec. 1102; R. S. 1879, sec. 1210; R. S. 1879, sec. 6967, and continued under Sess. Acts, 1887, sec. 10; *Jefferson County v. Cowan*, 54 Mo. 234, 237; *Colville v. Judy*, 73 Mo. 651, 653; *State ex rel. v. County Court*, 80 Mo. 500; *Zimmerman v. Snowden*, 88 Mo. 218, 220.  County courts may vacate and set aside any order at any time

during the term at which it is made. *Caldwell v. Lockridge*, 9 Mo. 362; *State v. Callaway County*, 43 Mo. 228; *Bartling v. Jamison*, 44 Mo. 141; *Price v. Johnson County*, 15 Mo. 433.

ROMBAUER, P. J., delivered the opinion of the court.

Although numerous questions are presented and argued upon this appeal, the only question arising properly, on the record before us, is, whether the circuit court had any jurisdiction whatever in the premises. There is no bill of exceptions in the case, and that question has to be determined by the record proper.

The record proper in this case consists of the transcript of the records of the county court, and the judgment of the circuit court dismissing the petition. The motions filed at the various stages of the proceeding are not before us, as they are not preserved by the bill of exceptions and thus are not part of the record, and the clerk can not make them such, by embodying them in the transcript. *Kohn v. Lucas*, 17 Mo. App. 30, and cases cited; *Greene County ex rel. v. Wilhite*, 35 Mo. App. 39.

The plaintiff filed the following petition before the county court of St. Louis county:

" *To the Honorable County Court of St. Louis County:*

"The undersigned, your petitioner, would show to the court that he is interested in and is the sole owner of all the ground lying on both sides of and adjoining a certain forty-foot road, extending from the Big Bend road to Lockwood avenue, and bounded by lot number 18 on the east side, and bounded on the west side by lots numbers 6, 7, 8 and 9 of Wood, Silence, and Edmonson's subdivision of lot 3 of the Sarpy tract in United States survey number 1953 in township 45, north of range 6 east, in St. Louis county, Missouri, said

subdivision being recorded in plat book number 8, at page number 105 of the recorder's office of the county ( now city ) of St. Louis, Missouri.

" That said road has never been accepted nor worked nor used by the public, as a public highway, and is of no practical utility or benefit as required by law. That no other person is interested therein or affected thereby.

" Wherefore your petitioner prays, that said road may be vacated as provided by section 5051, Revised Statutes of 1879, page 999, and that the land therein contained may hereafter be known as a part of said lot number 18 above described.

"And your petitioner will ever pray, as in duty bound, etc.

" BENJAMIN F. WEBSTER."

The county court, May 9, 1887, granted the petition. Before the minutes of this meeting were approved, Richard Spindler filed a remonstrance asking that the minutes be not approved, that the order vacating the road be reconsidered, and he be given an opportunity to be heard upon the law and merits of the petition.

The county court thereupon at its next meeting made the following entry of record :

" Minutes of last meeting read and approved, except that portion in relation to the vacation of a certain road running from Big Bend road to Lockwood avenue, petitioned for by Benj. Webster,—until Monday, May 23, 1887."

On the last-named day the matter was referred by the county court to the county counsellor, for his opinion as to the sufficiency of the notice, and on the twenty-seventh day of June, 1887, the county court made the following order of record :

In the matter of Benj. F. Webster's petition to vacate a road :

" Whereas on the ninth day of May, 1887, an order of this court was duly made and entered of record in the above matter as follows, to-wit:    'Ordered that the petition of Benj. F. Webster, filed heretofore on the ninth day of April, 1887, for the vacation of a certain forty-foot road extending from the Big Bend road to Lockwood avenue, and bounded by lot number 18 on the east side, and bounded on the west side by lots numbers 6, 7, 8 and 9 of Wood, Silence, and Edmonson's subdivision of lot number 3, of the Sarpy tract in United States survey 1953, in township 45, north of range 6 east, in St. Louis county, Missouri, said subdivision being recorded in plat book number 8 at page 105 of the recorder's office of the county ( now city ) of St. Louis, Missouri, and that the land contained in the said road may hereafter be known as a part of said lot number 8 above described, be, and the same is hereby granted to take effect as provided by section 5051, Revised Statutes of Missouri for 1879, according to the prayer of said petition.'

" And whereas at the next session of this court on the sixteenth day of May, 1887, the said order was not approved, and whereas said order has to this day remained not approved, wherefore upon motion of said petitioner by his attorney it is by the court ordered and adjudged that the aforesaid order of May 9, 1887, be, and the same is hereby in all things approved and confirmed."

On July 5, 1887, Spindler filed his affidavit and bond for appeal.    At the meeting of the court July 11, 1887, he presented his bond, which was approved, and an appeal granted to him to the circuit court.    In the last-named court upon a hearing the plaintiff's petition was dismissed, whereupon he appealed to this court.    The plaintiff now assigns for error that the circuit court had no jurisdiction in the premises.

The plaintiff's contention is, that no appeal lies in a case of this character from the county court to the

circuit court, and if an appeal does lie, such appeal was not taken, in this case, within the time provided by law.

The first point is decided adversely to the appellant by *State ex rel. v. County Court*, 80 Mo. 500, where proceedings were had removing a record of the county court establishing a road, to the circuit court, by *certiorari*. The supreme court decided in that case that *certiorari* would not lie, because the party aggrieved had his remedy by appeal under the provisions of section 6967, of the Revised Statutes.

Section 6967, Revised Statutes, is identical with the present law (Laws of 1887, p. 248, section 10), under which we likewise decided at the February term, 1889, that an appeal does lie to the circuit court. *Cox v. Dake*, 34 Mo. App. 80.

We must conclude that the plaintiff's second point is likewise without merit, owing to the following considerations : A county court is a court of record, and may at any time during the term, when it renders a judgment, vacate it for good cause appearing to itself in the proper exercise of its judicial discretion. The law makes no provision for the filing of motions for new trial in these courts, but appeals lie only from the *final* determination of any case therein.

Now we may well concede that the approval of the minutes of the court's proceedings of May 9, at a subsequent meeting, was not essential to give to the judgment rendered on that day, vacating the road, validity as a final judgment. Yet when the court, at its next meeting held May 16, expressly reserved from its approval that portion of its proceedings at the previous meeting, which related to the vacation of this road, and reserved that matter for future consideration, the court necessarily considered that matter still open and undetermined. That the plaintiff himself so considered it, clearly appears from the fact that he appeared by counsel June 27, 1887, and moved the court to approve that

part of the minutes of its proceedings which related to the vacation of this road.

It is the uniform practice in this state to enter judgment at once in the circuit court, upon the verdict of a jury or a finding of the court. For many purposes the judgment thus entered is a final judgment from date of its entry. Questions of interest and limitation are determined by that date; yet the right of appeal does not exist until a motion for new trial, if filed, is finally overruled, and may be then exercised, although this is done at a subsequent term. *Phillippi v. McLean*, 5 Mo. App. 587. As long as the county court treated this matter as still pending before it and undetermined, the respondent had no right to assume that its judgment was final. When it finally disposed of the matter, he could exercise his right of appeal even though its former determination was in the nature of a final judgment. The decision in *Boggs v. Caldwell Co.*, 28 Mo. 586, leaves no doubt on that point.

Under the statute, section 1210, Revised Statutes, appeals from judgments of the county court are governed by the law regulating appeals from justices of the peace to the circuit courts. By section 3041, of the Revised Statutes, as amended by the act of 1885 (Laws, 1885, p. 187), non-residents of the county have twenty days, after final judgment, to make such appeal. If Spindler was a non-resident of the county, then his appeal was taken in time, even if we consider the approval of his bond and the allowance of the appeal as the true date of the appeal.

The plaintiff contends that it should appear of record that appellant was a non-resident, but does not suggest how this fact, which is one necessarily resting *in pais*, should appear of record. The statute does not require that it should be stated either in the affidavit or bond. If there was any dispute about the fact, the plaintiff should have challenged its truth in some manner. We have repeatedly decided that to determine in

the first instance its own jurisdiction, where the same rests upon contested facts, is the legitimate exercise of the judicial powers of any tribunal. *Werz v. Werz*, 11 Mo. App. 26 ; *State ex rel. v. Seay*, 23 Mo. App. 630 ; *Hansford v. Hansford*, 34 Mo. App. 262.

There is nothing preserved in this record which would enable us to decide that the circuit court, in deciding that the appeal of Spindler was taken in time, was not fully warranted so to do, by the showing that he was a non-resident of the county. The presumption, nothing to the contrary appearing, is that the facts warranting the judgment rendered were before the court.

The judgment is affirmed. All the judges concur.