In the Matter of THE BIG HOLLOW ROAD, etc.; B. F. ENGLAND *et al.*, Petitioners, Appellants, v. HENRY BAILEY *et al.*, Remonstrants, Respondents.

### St. Louis Court of Appeals, April 1, 1890.

1. **Public Roads:** VACATION OF ROAD. In a proceeding under the statute for the vacation of a county road by the county court, the right of freeholders to remonstrate is not confined to those whose lands are crossed or touched by the road, but such remonstrance may be filed by any twelve or more resident freeholders of the township or townships.

2. **Appeal:** VACATION OF PUBLIC ROAD. The remonstrants in such a proceeding have the right of appeal to the circuit court from an order of the county court, vacating such road and assessing a part of the costs against them.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

CERTIFIED TO THE SUPREME COURT.

*Joseph J. Williams*, for the appellants.

*Thomas & Horine*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This was an appeal to the circuit court from an order of the county court of Jefferson county, vacating a portion of a public road in Plattin township in that county. The proceeding was instituted, under section 29 of the general road laws of 1887 ( Sess. Acts, 1887, page 252), by a petition signed by more than twelve freeholders of Plattin township.   A remonstrance was filed in the county court by more than twelve freeholders of that township.   The county court made an order vacating the road and assessing a portion of the costs against the remonstrants. The remonstrants appealed to the circuit court.   Upon a hearing in that court the prayer of the petition to vacate the road was denied, and the petition dismissed at the cost of the petitioners.   A motion in arrest of judgment was filed on the ground that the circuit court had no jurisdiction, and that the remonstrants had no right to prosecute the appeal.   This motion was overruled.

The petitioners now appeal to this court, and assign for error the overruling of their motion in arrest of judgment, and base their assignment upon the argument that, as the remonstrants were not freeholders whose lands were crossed or touched by the road proposed to be vacated, they had no interest in the matter such as entitled them to appeal.   We do not take this view.   The statute ( Laws, 1887, page 252, section 29 ) provides that " if a remonstrance thereto, in writing, signed by at least twelve freeholders, *residents of such township* or townships be filed, and the court, after considering the same, shall decide that it is just to vacate such road, or any part thereof, against the vacation of which the remonstrance was filed, the costs shall

be paid by the parties remonstrating." The statutes nowhere confine the right of filing such a remonstrance to freeholders of the township whose lands are crossed or touched by the road proposed to be vacated. It recognizes that such freeholders have a special interest in the matter, by providing that they shall be personally served with notice of the filing of the petition; but it also recognizes the interest of other freeholders of the township in the proceeding, by providing for the posting of notices of the filing of the petition in not less than three public places in the township. The statute does not require that the *petition* to vacate the road shall be filed by freeholders whose lands are crossed or touched by the road, but allows such petition to be filed by "any twelve freeholders of the township or townships over which a road runs." It is very clear that the right to remonstrate, as well as the right to petition, is given to the freeholders of the township or townships through which the road runs, without reference to the fact whether the road crosses or touches their lands.

That an appeal lies to the circuit court from an order of the county court refusing to establish a road was held by this court in *Cox v. Dake*, 34 Mo. App. 80. That an appeal lies by a remonstrant from an order vacating a road was likewise held by this court in *In re Webster*, 36 Mo. App. 355. It was held by the supreme court under the Revised Statutes, before the enactment of the road law of 1887, that such an appeal lies by a remonstrant from an order opening a road. *State ex rel., etc., v. County Court*, 80 Mo. 500. Our reasons for holding that an appeal does lie in such a case were fully stated in *Cox v. Dake, supra*, and, although we are asked to reconsider the question, we do not deem it necessary to enlarge upon those reasons here. They briefly are, that, by section 1102 of the Revised Statutes of 1879, an appeal is given from the judgments and orders of the county court to the circuit court in all

cases not expressly prohibited by law; that there is not only no express prohibition of such an appeal in a case relating to the opening or vacating of a public road in any statute of which we have knowledge, but that, on the contrary, such an appeal is distinctly recognized by section 10 of the road law of 1887. Acts of 1887, p. 248.

By section 1210 of the Revised Statutes of 1879, "in all cases of appeal from the final determination of any case in a county court, such appeals shall be prosecuted to the appellate court in the same manner as is now provided by law for the regulation of appeals from justices of the peace to circuit courts," etc. The provision of the same statute relating to appeal from justices of the peace to the circuit courts gives such an appeal to "any person aggrieved." R. S. 1879, sec. 3039. In view of these provisions it cannot be doubted that the remonstrants in a proceeding to vacate a road, who are unsuccessful and who are condemned to pay the costs, are "aggrieved" in such a sense as to entitle them to prosecute the appeal to the circuit court which is given by other statutory provisions. The statute, then, gives no special rights to the freeholders whose lands are crossed or touched by the road sought to be vacated except the right to a personal notice; it pays this deference, and this alone, to their peculiar situation in respect of the road; but it allows all other freeholders of the township or townships through which the road runs, in number exceeding twelve, both to petition for its vacation and to remonstrate against such petition. Any construction which would deny to remonstrants, other than those whose lands are crossed or touched by the road, the right to appeal, would, by parity of reasoning, deny the right to petitioners whose lands are not so crossed or touched. It is plain to us that such is not the intention of the law.

We, therefore, hold that in a proceeding to vacate a county road, under section 29 of the road law of 1887,

an appeal lies by the remonstrants, being twelve or more in number, from an order of the county court vacating the road, to the circuit court, although the lands of none of such remonstrants are crossed or touched by the road sought to be vacated, and that the appeal accordingly lay in this case, and that the circuit court hence had jurisdiction. But we find that the Kansas City Court of Appeals, in the case of *Aldridge v. Spears, post,* p. 527, have taken a different view of this question, and have certified their decision to the supreme court for final determination, as being in conflict with our decision in *Cox v. Dake,* 34 Mo. App. 80. We, therefore, take the same course with this case, and order that it be certified to the supreme court for final determination, in conformity with the constitutional mandate. All the judges concur.