H. V. TOPPING, Defendant in Error, v. J. C. GRANT MFG. CO., Defendant; RICHARD D'OENCH, Garnishee, Plaintiff in Error.

St. Louis Court of Appeals, March 27, 1900.

Justice's Court: APPEAL, TIME OF: STATUTORY CONSTRUCTION.   In all cases before justices of the peace, as provided by section 6328, Revised Statutes 1889, appeals must be made within ten days after the judgment unless the party against whom the judgment is rendered is a non-resident of the county.

Writ of error to the St. Louis City Circuit Court.—*Hon. Horatio D. Wood*, Judge.

AFFIRMED.

*Rudolph Schulenburg* and *James P. Kerr* for plaintiff in error.

Until the year 1885, the law governing appeals from judgments by default rendered by a justice of the peace re-

Topping v. Grant Mfg. Co.

garding the question at issue, was to the effect that before the defendant became entitled to an appeal from a judgment against him by default, it was compulsory on him to make, within ten days, an application to the justice to set said judgment aside, and the defendant was given time to make his appeal within ten days after the refusal of the justice to set aside the default. R. S. 1879, sec. 3040: "No appeal shall be taken from a judgment by default unless within ten days after the rendering of such judgment, application shall have been made to the justice to set the same aside, and such application shall have been refused." Ibid., section 3041. "No appeal shall be allowed in any case unless the following requisites be complied with: First, the appeal must be made within ten days after the judgment rendered, or when judgment is by default, within ten days after the refusal of the justice to set aside the default." By Session Acts of Missouri, 1885, p. 187, this section 3040, which compelled the defendant to make an application to set aside a default judgment before he became entitled to an appeal, was repealed and section 3041 was amended by striking out the following words: "or when judgment is by default within ten days after the refusal of the justice to set aside the default." The effect of the passage of this act therefore was, that of necessity the appeal from a judgment by default was to be made within ten days after rendition of judgment, the defendant being not compelled any longer to make an application to set aside a default, and in the absence of any provision of the law, granting the right to the defendant to make an application to set aside a default judgment or to the justice to grant same. R. S. 1889, sec. 6237.

*Sale & Sale* and *Nagel & Kirby* for defendant in error.

(1) Our contention is, that since the Session Act of 1885, the filing of a motion to set aside a default does not

extend the statutory period within which an appeal must be taken from the judgment of the justice, unless the justice sustains the motion to set aside the default and grants a new trial. This appears conclusively from a comparison of the statute of 1879, and the amendment made by the act of 1885. (2) By the Session Acts of 1885, page 187, the above section 3040 was entirely repealed, and section 3041 was amended. The only statutes remaining, therefore, applicable to the present case, are the following: Section 6328, Revised Statutes of 1889, being the same as section 3041, above, but as amended by the act of 1885, and section 6237, Revised Statutes of 1889. (3) It is argued for the plaintiff in error that the re-enactment in the statutes of 1889, of former section 2949, now section 6237, Revised Statutes of 1889, giving a justice of the peace power, on the application of the party aggrieved for good cause shown, to set aside judgment by default, militates against the construction contended for by the defendant in error. In this connection, we respectfully call the attention of the court to the fact that section 6237 was not a new statute when re-enacted in 1889, but was substantially the same statute which had been upon the books since 1845; and it was in force as section 2949, Revised Statutes 1879, at the time when the legislature repealed section 3040, and amended section 3041, both Revised Statutes 1879. No new rights, therefore, were given by the re-enactment in 1889 of this section, and the only way in which light can be thrown upon the question under discussion, is by considering it as one of the statutes existing at the time when the amendment of 1885 was enacted.

BIGGS, J.—Topping began a suit by attachment before a justice of the peace against the J. C. Grant & Sons Manufacturing Company. Richard D'Oench was summoned

as garnishee. On the twelfth day of April, 1898, the attachment was sustained, and on April 21, a judgment was entered by default against the defendant for the debt, amounting to $129.70, and on the same day a judgment for a like amount was entered against D'Oench as garnishee. Within ten days thereafter, to wit, on April, 30, the garnishee filed a motion before the justice asking that the judgment by default against him be set aside. On May 19 the justice overruled the motion, and on the same day the garnishee applied for and perfected his appeal to the circuit court. The latter court was of the opinion that the appeal was not taken within the time prescribed by the statute, and a judgment of dismissal for that reason was entered. The garnishee has appealed to this court.

It will be observed that the appeal from the judgment of the justice was allowed within ten days after the motion to set aside the default was overruled, but more than thirty days after the rendition of the judgment against the garnishee. It is contended by the appellant that he had ten days within which to take his appeal after the refusal of the justice to set aside the default. This was unquestionably true under the law of 1879. By section 3040 under that revision there could be no appeal from a judgment by default before a justice unless the justice refused to sustain a motion to set aside the judgment, and unless such motion was filed within ten days after the rendition of the judgment. The succeeding section (3041) provided that appeals from judgments rendered by justices of the peace must be made within ten days, or "when the judgment is by default or nonsuit within ten days after the refusal of the justice to set aside the default or nonsuit and grant a new trial." At a subsequent session of the legislature (Laws of 1885, p. 187), the legislature repealed section 3040, *supra*, and also that portion of section 3041 above quoted. Section 3041

as thus amended was carried into the revision of 1889 (section 6328). In the same revision section 2949, Revised Statutes 1879 was re-enacted (sec. 6327, R. S. 1889), by which a justice of the peace is authorized to set aside judgments of nonsuit and by default, provided applications therefor are made within ten days, etc. It is insisted by counsel for appellant that when this section is considered the only effect of the repeal of section 3040, *supra*, and the amendment of section 3041, *supra*, was to relieve litigants of the burden of first applying to the justice to set aside a judgment by default or nonsuit before they were entitled to an appeal, and that under section 6327, *supra*, the right to make such application being preserved, such a judgment does not become final and effective, if a motion to set it aside is made within the time, until such motion be overruled, and that therefore the appellant in this case had ten days after the justice overruled the motion to set aside the judgment to take his appeal. There would be some force in this argument if the clause in section 3041 above quoted had not been repealed. By so doing the legislature clearly intended to limit the right of appeal in all cases as provided by section 6328, *supra*, which provides that appeals must be made within ten days after the judgments unless the party against whom the judgment is rendered is a nonresident of the county, etc. No other conclusion is permissible.

Wherefore we conclude that the order of the circuit court dismissing the appeal was right, and it will be affirmed. All concur.