ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1912.

(Continued from Vol. 166.)

ROSE CROTTY, Respondent, v. C. H. BROWN, Appellant.

Kansas City Court of Appeals, November 11, 1912.

1. JUSTICES OF THE PEACE: Pleading: Real Estate Commission. Statements before a justice of cause of action for real estate commission, may be informal and yet sufficient.

2. ————: Appeal: Non-Residents: Time for Taking. An appeal from a justice of the peace, which the record shows was not taken within ten days (but within twenty days) will, ordinarily, show a lack of jurisdiction in the circuit court. But the presumption is in favor of the regularity of the appeal, and a non-resident having 20 days in which to appeal and the record failing to show that the appellant was not a non-resident, it will be presumed that he was and the appeal in time.

Appeal from Randolph Circuit Court.—*Hon. A. H. Waller*, Judge.

AFFIRMED.

167 Mo. App.]                    (1)

*Willard P. Cave* for appellant.

(1) Plaintiff's petition does not state facts sufficient to constitute a cause of action against the defendant. This objection is not waived by pleading to the merits. Section 1804, Revised Statutes of Missouri, 1909; Paddock v. Somes, 102 Mo. 226; Hudson v. Cahoon, 193 Mo. 547. Such defect is incurable. Marx Co. v. Watson, 168 Mo. 133. An objection may be raised for the first time in the appellate court. Jackson v. Mining Co., 106 Mo. App. 441; Ball v. Neosho, 109 Mo. App. 683. (2) The circuit court had no jurisdiction over the subject matter of the action, because the appeal was attempted to be taken more than ten days after the cause had been tried in the justice court where judgment had been rendered in favor of the defendant. Topping v. Grant Manufacturing Co., 84 Mo. App. 42; Warner v. Donahue, 99 Mo. App. 37; Sidwell v. Jett, 213 Mo. 601.

*W. B. Stone* for respondent.

(1) The statement or petition filed in the justice court is sufficient. Sec. 7412, R. S. 1909; Darnell v. Lafferty, 113 Mo. App. 282; McReynolds v. Railroad, 115 Mo. App. 676. (2) Where the record shows nothing to the contrary, it will be presumed that an appeal from an inferior court was taken within the time allowed by law. City of Kansas v. Clark, 68 Mo. 588; Feuth v. Anderson, 87 Mo. 354. Where jurisdictional facts are in dispute, they should be challenged in the circuit court. They can not be raised for the first time on appeal. In re Webster, 36 Mo. App. 355.

ELLISON, J.—Plaintiff's action was begun before a justice of the peace in Randolph county for the recovery of real estate commission. The judgment was in defendant's favor before the justice. Plaintiff then appealed to the circuit court, where she obtained judgment.

There are two points suggested for reversal: One that the statement before the justice did not state a cause of action; the other that the circuit court had no jurisdiction for the reason that the appeal was taken more than ten days after judgment before the justice.

The statement being in an action before a justice, is sufficient. It clearly advises defendant that she claims to have been employed to trade defendant's farm and that she asks a commission for producing a party willing to trade on conditions in every way satisfactory to defendant. But notwithstanding this, defendant traded or sold his property to some one else and refused to consummate the trade with the man plaintiff produced. No evidence is preserved to show the statement was not sustained by the proof. And taking the statement alone, with allowance for informalities which goes with proceedings before a justice, the objection that no cause of action is stated is not well founded.

As to the appeal from the justice, the record by every reasonable intendment shows the judgment was entered on the 29th of December and that the appeal was not taken until the 9th of January following. This was more than ten days after the judgment and, ordinarily, not in time. [Sidwell v. Jett, 213 Mo. 601; Toping v. Mfg. Co., 84 Mo. App. 42; Warner v. Donahue, 99 Mo. App. 37.] However if plaintiff was a non-resident of the county, she would have twenty days in which to appeal, and there being nothing in the record to show she was not a non-resident, the presumption will favor the regularity of the appeal, and hence we must hold it to have been in time. In re Webster, 36 Mo. App. 355.

The judgment is affirmed. All concur.